IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRIAN JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 04-761-MJR |
| ) | |
| ROGER WALKER, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

Several motions are pending in this action, and first is Plaintiff's motion for appointment of counsel (Doc. 3).

There is no absolute right to appointment of counsel in a civil case. *Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *Peterson v. Nadler*, 452 F.2d 754 (8th Cir. 1971). When deciding whether to appoint counsel, the Court must first determine if a *pro se* litigant has made reasonable efforts to secure counsel before resorting to the courts. *Jackson v. County of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992). Plaintiff indicates that he has made just one attempt to retain counsel, which hardly constitutes a reasonable effort. Therefore, the Court finds that appointment of counsel is not warranted at this time, and Plaintiff's motion for appointment of counsel is **DENIED**. It follows that his requests for status regarding appointment of counsel (Docs. 6, 7) are now **MOOT**.

Two motions seeking default judgment appear in this action, both filed the same day. The Clerk denied the motion for entry of default (*see* Docs. 8, 10), but his motion for default judgment (Doc. 9) is still pending. Because Defendants have not yet been served in this action, this motion

is **DENIED**.

The next pleading before the Court is Plaintiff's motion to place facts on the record (Doc. 11). Essentially, this motion seeks a status report on this case, as Plaintiff is dissatisfied with the progress to date. He points out that Defendants have not responded to his complaint, but the Court has not directed the Marshal to effect service upon any defendant. Such action will not be ordered until the Court has completed a review of the complaint, *see* 28 U.S.C. § 1915A, and the Court cannot determine what other relief might be sought in this motion. As Plaintiff must understand, the Court has a heavy case load, and under the Constitution, criminal prosecutions must take priority over civil matters. Therefore, as to simply placing information in the record, this request is **GRANTED**; any other relief contemplated by this motion is **DENIED**.

Plaintiff's most recent pleading is a motion to include 161 pages of grievances and other documents as exhibits in this action; he also asks to speak with the undersigned judge (Doc. 12). *Ex parte* communications between a litigant and the Court would be inappropriate; therefore, his request to speak with the Court is **DENIED**. However, the request to include the grievances and other documents is **GRANTED**; the Court and all parties shall consider these documents in support of the complaint. Plaintiff is advised that these voluminous documents will now become part of the Court's preliminary review of the complaint which, on its own, is 25 pages in length.

**IT IS SO ORDERED.**

**DATED this 5th day of August, 2005.**

                                                 **s/ Michael J. Reagan**
                                                 **MICHAEL J. REAGAN**
                                                 **United States District Judge**