# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRIAN JONES, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CIVIL CASE NO. 04-761-MJR ) |
| ROGER E. WALKER, JR., et al., | ) ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court are cross motions for summary judgment, which are fully briefed (Doc. Nos. 60, 70, 86). Plaintiff is proceeding on two claims under 42 U.S.C. § 1983, challenging the conditions of his confinement at Lawrence Correctional Center in 2004. In Count 5, he claims that defendants Garnett, Walker, and Hile violated rights protected by the Fourteenth Amendment by segregating inmates by race.[1] In Count 11, plaintiff claims that rights protected by the Eighth Amendment were violated when he did not receive medical care after becoming sick from exposure to contaminated water.[2] The defendants deny liability and assert affirmative defenses (Doc. No. 34).

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). To determine whether

---

[1] Defendant Sherry Hile is now known as Sherry Benton. For clarity, her former name is used in this report.

[2] Other claims were resolved on threshold review (Doc. No. 17).

there is a genuine issue of material fact, courts construe all facts in the light most favorable to the non-moving party and draw all reasonable and justifiable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

## I.      Availability of Opposing Affidavits

In a supplemental response, plaintiff asks that ruling on these motions be delayed until he exchanges correspondence with additional inmate witnesses (Doc. No. 86). When affidavits are unavailable, the Court may refuse a summary judgment request or delay ruling pending further discovery. Fed. R. Civ. P. 56(f).

Plaintiff was transferred from Lawrence Correctional Center to a different facility while this action was pending. Although plaintiff's access to some inmate witnesses is restricted, he has access to and has submitted affidavits from two other inmate witnesses. Furthermore, plaintiff has personal knowledge of the events at issue. In ruling on the motions, the Court will not weigh testimony. Hence, cumulative information from additional witnesses will have no bearing on the decision. Under these circumstances, there are no grounds to delay ruling.

## II.     Count 5 - Racial Segregation

Plaintiff and all defendants seek judgment in their favor on Count 5. Plaintiff claims that the defendants implemented a housing policy to segregate inmates solely on the basis of race. He claims the policy to segregate by race is not justified as a deterrent to violence because there was no gang war at Lawrence Correctional Center in 2004. Defendants take the position that there is no policy to cell offenders based solely on race. They further maintain that the criteria used in making housing decisions are legitimate and legally condoned.

In order to prove that he was deprived of his right to equal protection, plaintiff must present

facts showing that the defendants subjected him to intentional, invidious discrimination. *Shango v. Jurich*, 681 F.2d 1091, 1104 (7th Cir. 1982). When a prison adopts a housing policy based on the suspect classification of race, that policy is subject to the Fourteenth Amendment's strict scrutiny standard. *Johnson v. California*, 543 U.S. 499, 504-507(2005).

The materials submitted show that plaintiff, Jasper Robinson, and S. Chaszar were confined at Lawrence Correctional Center during 2004. They were not aware of any occasion where black and white inmates were allowed to share a cell. They formed the impression that inmates were being segregated on the basis of race alone.

The Illinois Department of Corrections did not have a policy to make cell assignments solely on the basis of race in 2004. Final decisions on inmate placement at Lawrence Correctional Center were made by defendant Garnett, the warden. Some inmates housed at that facility were aligned with prison gangs, many of which are organized along racial lines and encourage violence against members of different races and/or different gangs. While there was no gang riot or "war" at Lawrence Correctional Center in 2004, efforts were made to limit gang violence. In an effort to meet that goal, inmates of different races were rarely assigned to share a cell. Defendant Garnett reports that the rare instance of integrated cells was the undesired and unintended consequence of a legitimate motive to limit instances of gang violence.

In August, 2004, plaintiff prepared a grievance seeking compensation for racial tension, which he attributed in part to a policy of housing white inmates together and black inmates together. A grievance officer responded, explaining that many factors are taken into consideration in housing inmates and that race is not one of those factors. Defendant Garnett approved the grievance officer's -recommendation that the grievance be denied on that basis that the allegations were unfounded.

Plaintiff appealed, directing correspondence to defendant Walker. The office of inmate issues received plaintiff's appeal and correspondence. A designee handled the grievance appeal on behalf of defendant Walker, who did not personally review the materials.

These facts could support a finding that it was rare and practically unknown for inmates of different races to share a cell at Lawrence Correctional Center in 2004. However, the evidence further shows that housing assignments were neither intended nor motivated by a desire or policy to segregate inmates based on race. Hence, the evidence does not rationally support an inference that any defendant engaged in purposeful race discrimination. Rather, the evidence shows that poor racial integration was an unintended byproduct of defendant Garnett's effort to reduce gang violence. Absent facts permitting an inference of purposeful discrimination on the basis of race, the defendants are entitled to judgment in their favor on Count 5.

### III. Count 11 - Personal Involvement of Defendant Walker

Defendant Walker seeks judgment in his favor on Count 11, claiming that he was not personally involved in decisions regarding plaintiff's medical care and treatment. Plaintiff responds that Walker knew about his concerns and failed to take steps to correct staff misconduct.

Defendant Walker cannot be held liable under § 1983 unless he was personally involved in making decisions regarding plaintiff's medical care. The personal involvement element may be satisfied with evidence showing that communications to Walker actually informed him of an excessive risk to plaintiff's health and that Walker knew of a constitutional deprivation and ignored it. *Gentry v. Duckworth, 65 F.3d 555, 561* (7th Cir. 1995).

In 2004, defendant Walker was the Director of the Illinois Department of Corrections. He did not personally review appeals of inmate grievances. His designee handled those responsibilities.

Because the materials on file do not show that defendant Walker was personally involved in decisions regarding plaintiff's medical care, judgment should be entered in his favor on Count 11.

**IV.     Count 11 - Deliberate Indifference by Defendants Garnett and Hile**

Defendants Garnett and Hile also seek judgment in their favor on Count 11, claiming that evidence showing that plaintiff received extensive care from health professionals could not support a finding that they were deliberately indifferent to plaintiff's serious medical needs. Plaintiff's position is that these defendants should have provided medical treatment for stomach pain and other symptoms attributed to consumption of unsafe, contaminated water.

In *Estelle v. Gamble*, 429 U.S. 97 (1976), the Supreme Court held that the Eighth Amendment's prohibition against cruel and unusual punishment imposes a duty upon states to provide adequate medical care to inmates. Failure to provide medical care violates the Eighth Amendment when there is "deliberate indifference" to a substantial risk of harm. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Sherrod v. Lingle*, 223 F.3d 605, 610 (7th Cir. 2000). This standard requires the plaintiff to establish a subjective element: that the defendants were subjectively aware of the medical need and disregarded an excessive risk to the inmate's health. *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001). When considering whether an inmate's medical care demonstrates deliberate indifference to his serious medical needs, the Court looks at the inmate's medical care as a whole. *Gutierrez v. Peters*, 111 F.3d 1364, 1374 (7th Cir.1997).

At some point during plaintiff's confinement at Lawrence Correctional Center, he drank discolored water which he believes was contaminated by toxic substances. He experienced stomach pain and bowel symptoms and asked for treatment and tests. Medical technicians denied those

requests. Plaintiff's medical records show that various medical professionals made efforts to evaluate plaintiff's condition on numerous occasions. At times, plaintiff refused to cooperate. X-rays and other laboratory tests were performed and treatment was offered for ailments assessed as mild asthma, constipation, hemorrhoids, headache, stomach ache, cold symptoms, and heartburn. Additionally, efforts were made to monitor plaintiff's health during hunger strikes, with encouragement to accept food and fluids.

During this time, defendant Garnett was the warden. He had no medical training and made no decision to deny medical treatment. He was unaware that the prison water supply was unsafe. On August 9, 2004, defendant Garnett concurred with a grievance officer's decision to deny a grievance containing plaintiff's claim that he was not tested for radiation sickness.

Defendant Hile was a chairperson for an adjustment committee. She was not involved in providing medical treatment to inmates. On behalf of the Administrative Review Board, defendant Hile recommended that the grievance seeking radiation testing be denied.

The evidence could support a finding that plaintiff's concerns regarding his health were not attended to his satisfaction. However, there is no evidence that defendants Garnett or Hile responded to a serious need for medical treatment with deliberate indifference. These defendants are entitled to judgment in their favor on Count 11.

**V.    Qualified Immunity**

The defendants also assert the affirmative defense of qualified immunity. Because the defendants are entitled to judgment in their favor, the affirmative defense is not considered at this time.

## VI. Conclusion

IT IS RECOMMENDED that defendants' motion for summary judgment (Doc. No. 60) be GRANTED and that plaintiff's motions for summary judgment (Doc. Nos. 70, 86) be DENIED. Judgment should be entered in favor of defendants Walker, Garnett, and Hile on Counts 5 and 11. If this recommendation is adopted, no claims will remain for decision.

**SUBMITTED:  February 20, 2008  .**

<i>s/Philip M. Frazier</i><br>
<b>PHILIP M. FRAZIER</b><br>
<b>UNITED STATES MAGISTRATE JUDGE</b>